IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DENNIS R. WICKS, )
)
Plaintiff, )
)
v. ) No: 1:07-cv-653 (HHK)
)
UNITED STATES, )
)
Defendant. )

**UNITED STATES' MOTION TO DISMISS & SUPPORTING MEMORANDUM**

MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint.

As grounds for this motion, the United States submits that the Court:

- lacks jurisdiction over the person of the United States due to insufficiency of service of process;
- lacks subject matter jurisdiction over the complaint; and
- the complaint fails to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

///

///

///

The specific relief sought by this motion is dismissal of the complaint with prejudice.

DATE: May 29, 2007.

Respectfully submitted,

/s/ Michael J. Salem

MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6438

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of plaintiff's confidential return information by the Internal Revenue Service.

QUESTIONS PRESENTED

Plaintiff attempted service of the summons and complaint himself. Initial process cannot be served by a party to the lawsuit. Has the Court acquired jurisdiction over the person of the United States?

Plaintiff complains that the Internal Revenue Service illegally disclosed his tax return information by filing notices of federal tax liens on the public record. Section 7433 of the Internal Revenue Code provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. Can plaintiff recover under 26 U.S.C. § 7431 when the unauthorized disclosure claims are premised upon the filing of notices of federal tax liens?

Section 6103 of the Internal Revenue Code prohibits disclosures of "return information," except as permitted by the Code. Pursuant to exceptions in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment and recording of liens. Did the Service violate section 6103 in filing notices of federal tax liens against plaintiff?

## STATEMENT

1. Introduction. On April 9, 2007, plaintiff, acting *pro se*, filed the instant complaint. A resident of Custer, South Dakota (Compl. ¶ 3), plaintiff Dennis R. Wicks seeks to recover damages for the alleged wrongful disclosure of his tax return information by Internal Revenue Service agents, both named and unnamed in the complaint (*id.* ¶ 1).

2. The claim for "wrongful disclosure" under section 7431. Wicks avers that he is the subject of ongoing "unauthorized" collection action by the Service and that Service agents caused notices of federal tax liens to be recorded with the County Recorder/Register of Deeds of Custer County, South Dakota.1/ (*Id.* ¶¶ 4, 5.) Plaintiff alleges that the notices of federal tax lien wrongfully disclose tax return information and that such disclosures have caused him substantial mental and emotional distress, as well as having subjected him to the possibility of identity theft. (*Id.* ¶¶ 6, 7, 8.)

Wicks bases his action on 26 U.S.C. § 7431, which he avers provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103. (*Id.* ¶ 16.)

---

1/Wicks states that a redacted copy of a notice of federal tax lien is attached to the complaint. (Compl. ¶ 5.) The service copy received by the Attorney General does not have any exhibits. Nor does the PACER version of the complaint have any appended exhibits. (*See* PACER #1.)

3. <u>The motion at bar</u>. The United States now moves to dismiss plaintiff's complaint.

ARGUMENT

I

<u>The Complaint Should Be Dismissed Because Service of Process Was Deficient</u>

This case must be dismissed because plaintiff has not effected proper service on the United States.

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person who is not a party." Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(I); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v.*

*Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

Under Fed. R. Civ. P. 4(c)(2), "[s]ervice may be effected by *any person who is not a party* and who is at least 18 years of age." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. *Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Lendway v. United States*, 2006 WL 2460720, *2 (D.D.C. 2006); *Otto v. United States*, 2006 WL 2270399, *1 (D.D.C. 2006); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730605, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, *1 (N.D. Cal. 2001).

In this case, plaintiff Dennis R. Wicks signed the returns of service indicating that he, himself, served the summons on the United States Attorney General and the United States Attorney for the District of Columbia by certified mail. (Notice of Service [PACER #2].) Dennis R. Wicks is, of course, a party to this action, and thus cannot

properly serve the summons. Accordingly, plaintiff has failed to properly serve the United States, and his complaint must be dismissed.

II

The Court Lacks Subject Matter Jurisdiction over the Complaint

- ***Section 7433 is plaintiff's exclusive remedy***

Plaintiff's section 7431 claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433 (a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action *shall be the exclusive remedy for recovering damages resulting from such actions*.

26 U.S.C. § 7433(a) (emphasis added). By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" in the course of federal tax

collection. Congress provided only one exception to section 7433's exclusivity—section 7432.2/

Section 7431 was added to the Internal Revenue Code six years before section 7433. As a result, Congress must necessarily have been aware of section 7431 when it enacted section 7433. *Cf. Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception, along with section 7432. *Cf. Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions. The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax." H.R. Conf. Rep. No. 100-1104, at 228-29, *reprinted in* 1988 U.S.C.C.A.N. 4515, 5288-89.

---

2/Section 7432 provides a damages remedy for "wrongful failure to release lien." *See* 26 U.S.C. § 7432.

Judicial precedent also supports the exclusivity of section 7433. In *Shwarz v. United States*, the Ninth Circuit held that section 7433 is the exclusive remedy in this situation and bars a claim under section 7431 if the alleged unauthorized disclosures of tax return information occurred in the course of collection activity. *Shwarz v. United States*, 234 F.2d 428, 433 (9th Cir. 2000). In *Shwarz*, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter the taxpayers' place of business to effect a levy and when revenue officers posted seizure notices at the taxpayers' place of business. Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431. *See also Elias v. United States*, 1990 WL 264722, *9n.7 (C.D. Cal. Dec. 21, 1990) (noting that given the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), *aff'd mem.*, 974 F.2d 1341 (9th Cir. 1992).

Judge Bates recently adopted the holding in *Shwarz*, concluding that section 7433 is the exclusive remedy for allegedly improper tax collection activity by the Service. *See Ross v. United States*, 460 F.Supp.2d 139, 148-49 (D.D.C. 2006). In *Ross*, the court held that section 7433 preempted actions to redress or challenge purportedly illegal tax collection actions under the Administrative Procedures Act, the All Writs Act, the Mandamus Act, the Freedom of Information Act, the Privacy Act of 1974, the Federal Records Act, and the National Archives Act. Even more recently, Judge Bates applied

the same logic and reasoning in concluding that section 7433's exclusivity provision precludes and displaces actions under section 7431 for wrongful disclosures allegedly occurring during the course of tax collection activities. *Evans v. United States*, 478 F.Supp.2d 68, 72 (D.D.C. 2007); *accord*, *Koerner v. United States*, 471 F.Supp.2d 125, 127 (D.D.C. 2007) (Huvelle, J.).

In sum, section 7433 is the exclusive remedy for disclosures alleged to have been made during tax collection activities. Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed. To hold otherwise, would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or perhaps to elect the more favorable scheme of relief, depending on the alleged violation. Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

**●● *Plaintiff's claim is barred because the jurisdictional predicates of section 7433 have not been met***

Assuming for purposes of argument, that plaintiff had properly brought their suit pursuant to section 7433, the Court should nonetheless dismiss plaintiff's complaint because the jurisdictional predicates of section 7433 have not been met.

It is well-settled that the United States is immune from suit, unless its sovereign immunity has been waived. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United*

*States v. Shaw*, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941).

Under section 7433(d)(1), prior to bringing a suit in federal district court for damages, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(d)(1). "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id*.

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

*Id.* The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. §

301.7433-1(e)(1) & (2). Failure to comply with this regulation deprives a court of jurisdiction. *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Holt v. Davidson*, 441 F.Supp.2d 92, 96 (D.D.C. 2006); *Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006); *McGuirl v. United States*, 360 F.Supp.2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" *Holt v. Davidson*, 441 F.Supp.2d at 96 (*citing People of Cal. ex. rel. Ervin v. Dist. Dir.*, 170 F.Supp.2d 1040, 1048 (E.D. Cal. 2001)). In the instant matter, plaintiff makes no assertions concerning his pursuit of administrative remedies. Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to allege exhaustion of administrative remedies, and hence, a waiver of sovereign immunity, this Court does not have jurisdiction over his claim and should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1).3/

---

3/ There is conflicting case law in this district concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Compare Lindsey v. United States*, 448 F.Supp.2d 37, 52-54 (D.D.C. 2006) *and Turner v. United States*, 429 F.Supp.2d 149, 154 (D.D.C. 2006) *with Davenport v. United States*, 450 F.Supp.2d 96, 97n.1 (D.D.C. 2006); *Holt v. Davidson*, 441 F.Supp.2d 92, 95 (D.D.C. 2006); *McGuirl v. United States,* 360 F.Supp.2d 125 (D.D.C. 2004). It is the position of the United States that as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued, ***

III

Plaintiff Fails to State a Claim Because
There Was No Unlawful Disclosure

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103, other than in the collection process. Section 7433 protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in the collection process. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. *Church of Scientology of California v. Internal Revenue Service*, 484 U.S. 9, 10 (1987). The Internal Revenue Code contains a number of

---

and *the terms of its consent to be sued in any court define that court's jurisdiction* to entertain the suit.") (emphasis added); *accord*, *United States v. Dalm*, 494 U.S. 596, 608 (1990). But in any event, the question is somewhat academic in this case, since the complaint should be dismissed for failure to state a claim even if the Court concludes that it has subject matter jurisdiction. Moreover, should the Court conclude it has subject matter jurisdiction under section 7433, but cannot award damages on account of plaintiff's failure to exhaust administrative remedies, *the Court lacks subject matter jurisdiction to award any other form of relief*, such as to declare plaintiff's rights or to award injunctive relief. *See Lindsey v. United States*, 448 F.Supp.2d at 57-60 (court lacks subject matter jurisdiction over plaintiff's request for declaration of rights and for injunction under section 7433). In other words, under section 7433, *this Court can award only one type of relief* — money damages — but it cannot do so unless the plaintiff has exhausted his administrative remedies.

specific and several general exceptions to this rule of non-disclosure. Specifically, section 6103 (k)(6), provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any *** collection activity *** disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available *** with respect to the enforcement of any other provisions in this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6).4/ Section 301.6103(k)(6)-1(b) states:

> [A]n internal revenue employee *** in connection with the performance of official duties relating to any *** collection activity *** may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to—
>
> > (vi) *** to locate assets in which the taxpayer has an interest *** [and] to apply the provisions of the Code relating to establishment of liens against such assets ***.

---

4/ Because section 6103(k)(6) directs the Secretary of Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," entitled to special deference from the courts. *See, e.g.*, *Chrysler Corp. v. Brown*, 441 U.S. 281, 301-03 (1979).

26 C.F.R. § 301.6103(k)(6)-1(a)(vi); *see also* 26 C.F.R. § 301.6323(f)-1(a)(1) (designating proper place for filing notice of federal tax lien). Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the *** filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." *Elias v. United States*, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990), *aff'd mem.*, 974 F.2d 1341 (9th Cir. 1992); *see also, Long v. United States*, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); *Mann v. United States*, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien in the County Recorder's Office *** places information in the liens *** in the public domain. Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.") The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under section 7431.

In the instant case, it cannot be disputed that the notices of federal tax liens were filed in connection with the official duties of the Service in attempting to collect the plaintiff's unpaid federal tax liabilities. Had the information not been disclosed, creditors of plaintiff would have no way to discover the existence of the liens. "Indeed,

the purpose of recording the lien *** is to place the public on notice of the lien." *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1489 (9th Cir. 1991). The actions of the Service agents in this case properly fall under the protection of sections 6103(k)(6) and 6323 and therefore, there can be no liability under sections 7431 or 7433.

CONCLUSION

Plaintiff's exclusive remedy is found in section 7433 and therefore the complaint should be dismissed. In the alternative, for all of the additional above-stated reasons, this matter should be dismissed with prejudice.

DATE: May 29, 2007.

Respectfully submitted,

/s/ Michael J. Salem
MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6438

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS & SUPPORTING MEMORANDUM was caused to be served upon plaintiff *pro se* on the 29th day of May, 2007, by depositing copies thereof in the United States' mail, postage prepaid, addressed as follows:

DENNIS R. WICKS
Plaintiff *pro se*
25224 Holiday Trail
Custer, SD 57730.

/s/ Michael J. Salem
MICHAEL J. SALEM

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DENNIS R. WICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:07-cv-653 (HHK) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Having considered the United States' motion to dismiss the complaint, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of ____________________, 2007, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED with prejudice; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

________________________________________
UNITED STATES DISTRICT JUDGE

COPIES TO:

DENNIS R. WICKS
Plaintiff *pro se*
25224 Holiday Trail
Custer, SD 57730

MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

CERTIFICATE OF SERVICE

     IT IS CERTIFIED that the foregoing United States' proposed ORDER was caused to be served upon plaintiff *pro se* on the 29th day of May, 2007, by depositing copies thereof in the United States' mail, postage prepaid, addressed as follows:

        DENNIS R. WICKS
        Plaintiff *pro se*
        25224 Holiday Trail
        Custer, SD  57730.

                /s/ Michael J. Salem
                MICHAEL J. SALEM