IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DENNIS R. WICKS,                          )
                                          )
              Plaintiff,                   )
                                          )
       v.                                  )          No:  1:07-cv-653 (HHK)
                                          )
UNITED STATES,                            )
                                          )
              Defendant.                   )

**UNITED STATES' REPLY TO PLAINTIFF'S
<u>OPPOSITION TO U.S. MOTION TO DISMISS</u>**

       This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly

caused by the disclosure of plaintiff's confidential return information by the Internal

Revenue Service.

STATEMENT & DISCUSSION

       1.  <u>Introduction.</u>  On May 29, 2007, the United States filed a fully supported

motion to dismiss the complaint, due to lack of jurisdiction over the person of the

United States due to insufficiency of service of process; lack of subject matter

jurisdiction over the complaint; and failure of the complaint to state a claim upon which

relief can be granted.  Plaintiff has opposed the motion to dismiss on only three

grounds.  This reply brief addresses only those points raised in plaintiff's opposition

that warrant a response.  With respect to those points not discussed herein, defendant

United States relies upon its memorandum in support of the motion to dismiss.

2575806.1

2.  Plaintiff's opposition.  Wicks first argues that, contrary to the plain language of Fed. R. Civ. P. 4(c)(2), because this suit is against the United States, he was perfectly competent to serve the initial process on the United States in this action.  (Pltf.'s Resp. to Motion to Dismiss at 1-2.)  Second, Wicks suggests that the United States is attempting to use 26 U.S.C. § 7433 as though it repeals 26 U.S.C. § 7431.  (Pltf.'s Resp. to Motion to Dismiss at 2, 3-5.)  Third, Wicks argues that the filing of a notice of federal tax lien, the action said to have given rise to the disclosures in his case, is not a collection action, and therefore not subject to section 7433 in any event.  (Pltf.'s Resp. to Motion to Dismiss at 2-3.)  None of these arguments has any merit.

3.  Rule 4(c)(2)'s service eligibility requirements apply to service of initial process upon the United States.  The first ground for dismissal presented in the motion to dismiss is premised upon the fact that plaintiff Dennis R. Wicks, the plaintiff in this action, attempted to serve the summons and complaint upon the United States.  Under Fed. R. Civ. P. 4(c)(2), "[s]ervice may be effected by *any person who is not a party* and who is at least 18 years of age."  (Emphasis added.)  Conversely, a party to litigation may not serve the summons and complaint.  Service of initial process *by a party to the action* is insufficient service.  *Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730605, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, *1 (N.D. Cal. 2001).

2575806.1

Plaintiff does not contest the fact that he attempted to serve initial process in this case.  Rather, he argues that service on the United States under rule 4(i) is not subject to this restriction.  Plaintiff is simply wrong.  Rule 4(i) does not, by its terms or otherwise, except the service procedures applicable to service of process on the United States from the restrictions of rule 4(c)(2).  "[W]hile Rule 4(i) may govern *how* service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing *who* may effect service."  *Otto v. United States*, 2006 WL 2270399, *2 (D.D.C. June 28, 2006) (emphasis in original); *accord*, *Martens v. United States*, 2007 WL 1214576, * *1 (D.D.C. Feb. 14, 2007); *Lendway v. United States*, 2006 WL 2460720, *2 (D.D.C. Aug. 23, 2006); *Perkel v. United States*, *supra* (emphasis in original); *accord*, *Hanberg v. FBI*, *supra* (applying same principle to federal agency).

Plaintiff has failed to properly serve the United States in this action, because plaintiff Dennis R. Wicks improperly acted as the service agent.  Accordingly, service of process was insufficient and the Court lacks jurisdiction over the person of the United States.  The complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(2) & (5).

4. <u>26 U.S.C. § 7433 does not "repeal" section 7431.</u>  Plaintiff's "repeal" argument misses the mark.  There is no doubt that sections 7431 and 7433 were intended by Congress to coexist, nor is there any doubt that they were intended to complement one another.

The exclusivity clause of section 7433(a) simply divides tax administrative processes into two parts—the tax collection process and all other aspects of tax

2575806.1

administration.  Wrongful disclosures of tax returns and return information—that is, violations of the Internal Revenue Code's confidentiality provision, section 6103—occurring during any phase of tax administration other than the tax collection process, are remedied by section 7431.  Violations of section 6103, along with violations of any other Code section except section 7432, occurring during the collection phase of tax administration, are subject to the remedial scheme of section 7433.  This remedial scheme may not be to plaintiff's liking or understanding, but it is clearly what Congress intended in enacting the final sentence of section 7433(a).  The result is a multi-faceted remedial scheme that deals with violations of the Internal Revenue Code in a carefully structured way.

Specifically, once a tax has been *assessed*, and the *collection* phase of tax administration begins, section 7433 provides a broadly applicable damages remedy for violations of any collection and collection-related procedures, whether statutory or regulatory.  Included within the broad coverage of section 7433 is section 6103.  Thus, *a wrongful disclosure occurring during the collection process is to be addressed under section 7433.*  Under 7433, the aggrieved taxpayer can recover "actual, direct economic damages sustained by the plaintiff as a proximate result" of the statutory violation, but not more than $1,000,000.  26 U.S.C. § 7433(b).*/

---

*/  Section 7432 provides a similar, unlimited, special damages remedy for a wrongful failure to release a tax lien.  26 U.S.C. § 7432(b).

2575806.1

In contrast to section 7433, section 7431 provides a damages remedy for wrongful disclosures occurring during any other phase of tax administration—including those disclosures happening during criminal investigations, assessment, examination, and audit activity. And although section 7431 is much narrower in its application, applying only to wrongful disclosures and inspections, it provides a more comprehensive damages scheme. Section 7431 provides damages for the greater of "actual damages" suffered by a taxpayer or $1,000 per disclosure or inspection. And a taxpayer who recovers actual damages on account of a willful, intentional, or grossly negligent violation, is also eligible to recover punitive damages. 26 U.S.C. § 7431(c). Finally, section 7431 has its own attorney's fees recovery provision. 26 U.S.C. § 7431(c)(3).

Given these differences, the United States submits that the Court is bound to give effect to the statutory exclusivity clause contained in section 7433, and must hold that wrongful disclosures allegedly occurring during tax collection are subject to section 7433, not section 7431. *Accord*, *Glass v. United States*, 480 F.Supp.2d 162, 165 (D.D.C. 2007); *Evans v. United States*, 478 F.Supp.2d 68, 71-72 (D.D.C. 2007); *Powell v. United States*, 478 F.Supp.2d 66, 68 (D.D.C. 2007); *Koerner v. United States*, 471 F.Supp.2d 125, 127 (D.D.C. 2007).

5. <u>The filing of a notice of federal tax lien is a collection action.</u> Plaintiff argues that he has stated a claim under section 7431, because he asserts that the notices of federal tax lien filed against him constitute wrongful disclosures of his return information that occurred other than in the tax collection process. (Pltf.'s Resp. to

2575806.1

Motion to Dismiss at 2-3.)  Notably, plaintiff provides no authority for his

counterintuitive suggestion that the recording of a federal tax lien is not a collection

action.

The filing of a notice of federal tax lien is patently a tax collection activity.  *Glass*

*v. United States*, 480 F.Supp.2d at 165; *Evans v. United States*, 478 F.Supp.2d at 72; *Koerner*

*v. United States*, 471 F.Supp.2d at 127-28; *Opdahl v. United States*, 2001 WL 1137296, *2

(D.D.C. Aug. 16, 2001).  Federal tax liens arise by operation of law, after assessment of a

tax, the failure to pay the same by a taxpayer, and notice and demand for payment by

the Internal Revenue Service.  As the federal tax lien statute provides—

> If any person liable to pay any tax neglects or refuses
> to pay the same after demand, the amount (including any
> interest, additional amount, addition to tax, or assessable
> penalty, together with any costs that may accrue in addition
> thereto) shall be a lien in favor of the United States upon all
> property and rights to property, whether real or personal,
> belonging to such person.

26 U.S.C. § 6321.  The purpose of the language "all property and rights to property"

reveals a congressional intention to reach every interest in property that a tax debtor

might have.  *United States v. National Bank of Commerce*, 472 U.S. 713, 719-20 (1985).

Furthermore, the statute's broad application is intended to "assure the *collection* of

[federal] taxes.  *Glass City Bank v. United States*, 326 U.S. 265, 267 (1945) (emphasis

added).  But a federal tax lien is not valid against certain types of competing creditors

until notice of the lien is filed in conformance with 26 U.S.C. § 6323.  *United States v.*

*Estate of Romani*, 523 U.S. 517, 517-18 (1998).  Thus, in order to preserve its position for a

2575806.1

tax lien foreclosure suit or an administrative levy—both undeniably tax collection actions—the Internal Revenue Service must file a notice of federal tax lien.  Therefore, it cannot be gainsaid that the action of filing the notice of lien is a collection action. Accordingly, section 7433 controls a suit alleging wrongful disclosures from filing notices of federal tax liens, not section 7431.

CONCLUSION

It is the position of the United States that the motion to dismiss should be granted.

DATE:  June 25, 2007.

Respectfully submitted,

/s/ Michael J. Salem
MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6438

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO U.S. MOTION TO DISMISS was caused to be served upon plaintiff *pro se* on the 25th day of June, 2007, by depositing copies thereof in the United States' mail, postage prepaid, addressed as follows:

> DENNIS R. WICKS
> Plaintiff *pro se*
> 25224 Holiday Trail
> Custer, SD  57730.

>   /s/ Michael J. Salem
> MICHAEL J. SALEM

2575806.1