UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS R. WICKS,<br><br>        **Plaintiff,**<br><br>       **v.**<br><br>UNITED STATES,<br><br>        **Defendant.** | Civil Action 07-00653 (HHK) |

## MEMORANDUM OPINION

Dennis Wicks, proceeding *pro se*, brings this action for damages against the United States alleging that the Internal Revenue Service ("IRS") unlawfully disclosed his confidential tax return information. Before the court is the motion of the United States to dismiss [#3].

Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be granted.

## I.  BACKGROUND

This action is grounded upon Wicks' assertion that certain notices of tax liens that the IRS caused to be recorded with the County Recorder/Register of Deeds in Custer County, South Dakota, in connection with an "ongoing . . . collection action," wrongfully disclosed his tax return information, including his name, address, and social security number. Compl. ¶ 4. Asserting that this disclosure violated 28 U.S.C. § 6103 of the Revenue Code, which prohibits United States employees from disclosing confidential information contained in tax returns, Wicks brings this action for damages under 26 U.S.C. § 7431. In pertinent part, § 7431 states that if the United States violates § 6103 by wrongfully disclosing confidential tax information, a taxpayer may bring a civil action for damages against the United States.

## II.  ANALYSIS

The United States moves to dismiss this action on two grounds.  First, the United States argues that this court is without personal jurisdiction because Wicks failed to properly effect service of process.  Second, the United States asserts that this court is unable to exercise subject matter jurisdiction over this action because 26 U.S.C. § 7433 provides the exclusive remedy for an alleged violation of the Revenue Code when, as here, the alleged violation occurs in connection with tax collection activity.

### A.    Insufficiency of Service of Process

The United States asserts that it was not properly served in this case because Wicks, a party to this suit, personally attempted to effect service of process.  As the United States points out, Wicks himself signed the returns of service by certified mail that he caused to be delivered to the United States Attorney and the Attorney General.  Wicks' attempted service is not authorized, the United States argues, because the governing rule does not permit service to be effected by a party.  Rule 4 (c)(2) of the Federal Rules of Civil Procedure provides that service may be effected "by any person *who is not a party* [to the suit]." (emphasis added).  Wicks rejoins that he properly served the United States pursuant to Fed. R. Civ. P. 4(i)(1) which authorizes service upon the United States to be effected by "sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States."  The United States is correct.

As the United States points out, Wicks' conflates the issue of *who* may effect service with *how* service may be effected.  While Wicks' method of service, certified  mail, is authorized by Fed. R. Civ. P. 4(i)(1), *he* is not personally authorized to effect service because he is a party.  *See* Fed. R. Civ. P. 4(c)(2); *Larue v. United States*, 2007 WL 2071672, at * 3 (D.D.C. July 13, 2007);

*Lindsey v. United States*, 448 F. Supp. 2d 37, 46 (D.D.C. 2007); *Foster v. United States*, 2006 WL

2473615, at *1 (D.D.C. Aug. 24, 2006).  Because the United States has not been properly served,

Wicks' complaint is subject to dismissal.

**B.      26 U.S.C. § 7433 Forecloses a Claim Under §7431**

The United States also argues that Wicks' § 7431 claim must be dismissed for lack of

subject matter jurisdiction because another provision of the Internal Revenue Code, 26 U.S.C. §

7433, provides the exclusive remedy for an alleged violation of the Revenue Code when the

alleged violation occurs in connection with tax collection activity.  Because the disclosure of

information upon which Wicks bases this suit was made while the IRS was engaged in such

activity, the United States argues that Wicks' suit, brought pursuant to § 7431, fails because it is

precluded by § 7433.

Section 7433(a) provides:

> If, *in connection with any collection of Federal tax* with respect to a taxpayer,
> any officer or employee of the Internal Revenue Service recklessly or
> intentionally, or by reason of negligence, disregards any provision of this title,
> or any regulation promulgated under this title, such taxpayer may bring a civil
> action for damages against the United States in a district court of the United
> States.  Except as provided in Section 7432, such civil action *shall be the
> exclusive remedy* for recovering damages resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute provides the exclusive

remedy for the violation of any provision of this title that occurs in connection with the collection

of a federal tax.[1]

Section 7433 was added to the Internal Revenue Code six years after § 7431.

Accordingly, Congress was aware of § 7431 when it enacted § 7433.  *Miles v. Apex Marine Corp.*,

---

[1]  Congress provided only one exception to § 7433's exclusivity, § 7432, a provision not
at issue here.

498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes

legislation."). Had Congress intended § 7431 to be an alternative or supplemental remedy to an

action within the purview of § 7433, Congress would have included § 7431 as an exception, along

with § 7432. *Cf. Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("We have

stated time and again that courts must presume that a legislature says in a statute what it means

and means in a statute what it says there.").

The legislative history of § 7433 supports the conclusion that Congress intended this

provision to provide the exclusive remedy for all unauthorized collection actions. Congress'

intent is made clear by the House of Representatives Conference Report which states that,

> except as provided by new Code section 7432, an action brought under [section
> 7433] shall be the exclusive remedy for recovering damages resulting from
> reckless or intentional disregard of a provision of the Internal Revenue Code, or a
> regulation promulgated thereunder, by an IRS employee engaged in the collection
> of any Federal tax.

H.R. Conf. Rep. No. 100-1104, at 228-29 (1988).

Judicial precedent also supports the exclusivity of § 7433. In *Shwarz v. United States*, the

Ninth Circuit held that § 7433 provides the exclusive remedy and bars a claim under § 7431 if the

unauthorized disclosure of tax return information occurred in the course of collection activity.

234 F.3d 428, 433 (9th Cir. 2000). In *Shwarz*, the plaintiffs claimed that IRS employees made

unauthorized disclosures when an officer filed an allegedly false declaration in support of an

application to enter the taxpayers' place of business to effect a levy and when officers posted

seizure notices at the taxpayers' place of business. *Id.* at 431. Because the alleged unauthorized

disclosures occurred in connection with tax collection activities, the court ruled that the suit had to

proceed under § 7433. *Id*. at 433. The *Shwarz* court further explains that "§ 7431 actions can still

be brought for improper disclosures that do not occur in connection with tax collection . . . [but] a

suit for improper disclosures that occur in the course of collection activity must proceed under §

7433, not under § 7431." *Id.* Four courts in this district have adopted *Shwarz*'s holding and this

court sees no reason to depart from *Shwarz's* well-reasoned analysis. *See, e.g., Evans v. United*

*States*, 478 F. Supp. 2d 68, 71 (D.D.C. 2007); *Powell v. United States*, 478 F. Supp. 2d 66, 67

(D.D.C. 2007); *Wesselman v. United States*, 498 F. Supp. 2d 326, 327 (D.D.C. 2007); *Miller v.*

*United States*, 496 F. Supp. 2d 129, 132 (D.D.C. 2007).

Thus, because Wicks seeks damages for disclosure of confidential tax return information

that occurred during tax collection activity, he can *only* bring a civil action pursuant to § 7433.

His claim is improper under § 7431 and must be dismissed.[2]

### III.  CONCLUSION

For the foregoing reasons, the motion of the United States to dismiss is **GRANTED**.  An

appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.
United States District Judge

---

[2] Furthermore, it would be fruitless to construe Wicks' claim as one for damages under § 7433 because he does not purport to have exhausted his administrative remedies. *See Wesselman*, 498 F. Supp. 2d at 328; *Smith v. United States*, 475 F. Supp. 2d 1 (D.D.C. 2006); *Ross v. United States*, 460 F. Supp. 2d 139 (D.D.C. 2006); *Lindsey*, 448 F. Supp. 2d 37.